UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROY PRETTY HOLMES,

        Petitioner,               Case No. 2:12-CV-40

v.                                 HON. GORDON J. QUIST

JEFFREY WOODS,

        Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

      Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) recommending that the Court deny the petition for habeas corpus filed by Petitioner, Roy Pretty Holmes. Homes filed an objection to the R & R stating that he objected for the reasons set forth in a previously filed brief, which was attached. The brief at issue was a brief that accompanied Holmes's application for leave to appeal that he filed with the Michigan Supreme Court.

      Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." This court's local rules make clear that an objection "shall specifically designate the order, or part thereof, appealed from and the basis for any objection thereto." W.D. Mich. LcivR 72.3(b). "[A] general objection to a magistrate's report, which fails to identify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). *See also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory

objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). "Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowheard v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The objection that Holmes filed did not specifically address any of the magistrate judge's findings or conclusions. Rather, it stated simply that Holmes objected to the R & R "for the reasons set forth" in a brief that he had previously filed in state court. That brief—which was written before federal habeas proceedings even began—gives little indication of how or why Holmes believes the magistrate judge erred in this case. Because Holmes did not lodge any specific objections to the R & R, but merely incorporated arguments made in state court, any objection was waived. *See Askew v. Phillips*, No. 1:06-cv-708, 2010 WL 2802280, at *2 n.2 (W.D. Mich. July 13, 2010) ("When a party merely purports to incorporate by reference arguments, evidence, or legal authorities presented in prior filings, he has lodged an unavailing general objection."). The Court sees no reason to excuse Holmes's waiver of his objections in this case.

Moreover, the Court would adopt the R & R even after a de novo review. As the magistrate judge explained, Holmes's claim related to the factual basis for his plea "is not cognizable in federal habeas." *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010). Moreover, the transcript of the state court plea colloquy demonstrates that Holmes entered the plea knowingly and voluntarily. *See Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993) ("The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness"). Finally, Holmes has not demonstrated that he received ineffective assistance of counsel during the state court proceedings.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a

2

reasoned assessment of each claim" under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. at 1604. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Holmes's claims was debatable or wrong. Thus, the Court will deny Holmes a certificate of appealability.

Therefore,

**IT IS ORDERED** that the Report and Recommendation of the magistrate judge, filed December 22, 2014 (dkt. #22), is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

This case is **concluded**.

A separate judgment will issue.


Dated: January 16, 2015                                          /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE